Deyo, J.
Petitioner applied for a license for the sale of alcoholic beverages for on-premises consumption which was denied for the following reasons:
“ The Prior record for law observance of the Premises sought to be licensed is such that the issuance of a nevw license would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law.
“ The Prior record for law observance of the Applicant is such that the issuance of a new license would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law.
‘ ‘ In view of the short period of time during which the restaurant has been operating, the Authority is not satisfied, at this time, that a bona fide restaurant will be operated at the premises applied for.”
Attached to the answer in the present proceeding for the review of that determination and incorporated therein by reference were four exhibits consisting of reports made to the *16 Liquor Authority by its investigators. These unverified reports were never offered in evidence nor shown to the petitioner who was afforded no opportunity to cross-examine relative thereto. They were not properly included in the answer and constitute no part of the record. (Civ. Prac. Act, § 1291.) The order striking them from the answer is affirmed.
There is no substantial evidence to support the reasons given as grounds for denying the license. The only violations of law disclosed by the record are minor infractions of the Labor Law, apparently having to do with the hiring of pin boys in the bowling-alleys operated by the petitioner on the same premises. There is no evidence of any offense involving moral turpitude nor of any violation of the Alcoholic Beverage Control Law. Petty offenses of this type are insufficient as a matter of law to warrant a denial of a license.
There is even less to support the conclusion that petitioner is not operating a bona fide restaurant. At the outset it would appear that the State Liquor Authority was confused when it considered this case and was under the impression that this restaurant was a new one, for it speaks of the short period of time during which the restaurant has been operating. As a matter of fact, this restaurant has been operating and has been licensed since October of 1940. For eight years, then, the authority has been satisfied that a bona fide restaurant'was being-conducted on the premises. This certainly does not square with the reason now given for the denial and in itself indicates that the application did not receive proper consideration.
Moreover, the finding, if it can be considered such, that a bona fide restaurant was not being operated, was based exclusively on the results of one investigation made during the off season and before the establishment was in operation for the day. Uncontroverted testimony showing that food sales for the previous year averaged more than $1,200 a month, and even exceeded the liquor sales, and that during the regular hours of the bowling-season a full staff of restaurant help was present, fully equipped to serve meals of all varieties, was absolutely ignored. This case is practically on all fours with Matter of 54 Cafe & Restaurant v. O’Connell (274 App. Div. 428, affd. 298 N. Y. 883), where, on facts substantially the same as herein presented, the court annulled a determination of the State Liquor Authority canceling a license, saying at page 431: “ While courts are loathe to interfere with determinations of administrative agencies made in good faith, they have by no means abdicated their judicial responsibility to review and pass upon, administrative *17 action claimed to be arbitrary and without foundation in fact or in law. A finding of an administrative agency ‘ is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably.’ (Matter of Stork Restaurant, Inc., v. Boland, 282 N. Y. 256, 273.) Insufficient evidence, it has frequently been held, is, in the eyes of the law, no evidence. (Matter of Case, 214 N. Y. 199, 204.)”
The contention that the recreational facilities afforded would entice children to the premises need not be considered, since the refusal to grant the license was not predicated on those grounds.
The determination should be annulled and the matter remitted to the State Liquor Authority for further consideration.